IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(OWENSBORO DIVISION)

CHERYL BROWN                                                           PLAINTIFF
363 Claggett Road
Leitchfield, Kentucky 42754

                                        Case No.  4:22-CV-24-JHM

v.                                       Judge  Joseph H. McKinley, Jr.


NAVIENT SOLUTIONS, LLC                                              DEFENDANTS
13865 Sunrise Valley Drive
Herndon, Virginia 20171

          SERVE:      Corporation Service Co.
                      421 W. Main St.
                      Frankfort, KY 40601
                      (BY CERTIFIED MAIL)


AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

          SERVE:      CSC-Lawyers Incorporating Service Co.
                      421 W. Main Street
                      Frankfort, Kentucky 40601
                      (BY CERTIFIED MAIL)


AND


TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

SERVE:    The Prentice Hall Corporation System
          421 W. Main Street
          Frankfort, Kentucky 40601
          (BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Cheryl Brown, by counsel, and for her Verified Complaint against the

Defendants, Navient Solutions, LLC ("Navient"), Equifax Information Services, LLC ("Equifax"),

and Trans Union, LLC ("Trans Union") states as follows:

### I. PRELIMINARY STATEMENT

1.    This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

§1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes;

MOHELA's false reporting to Equifax of an alleged default history on two (2) of Plaintiff's

MOHELA accounts; and Trans Union's failure to investigate Plaintiff's credit reporting disputes.

### II. PARTIES

2.    Plaintiff, Cheryl Brown, is currently and was at all relevant times a citizen of the

Commonwealth of Kentucky residing at 363 Claggett Road, Leitchfield, Kentucky 42754.

3.    Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.    Defendant, MOHELA, is a Missouri corporation and is a student loan lender doing

business in the Commonwealth of Kentucky with its principal place of business at 633 Spirit Drive,

Chesterfield, Missouri 63005-1243.

5.    MOHELA is a "furnisher of information" as that term is defined by the FCRA, 15

U.S.C. §1681s-2(b).

6.    Defendant, Equifax, is a corporation organized under the laws of the State of

Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7.    Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.    Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9.    Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

10.    Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11.    Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. <u>JURISDICTION</u>

12.    This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Grayson County, Kentucky as a result of the Defendants' doing business in Grayson County, Kentucky.

### IV. <u>FACTUAL BACKGROUND</u>

13.    In or around June 2021, Plaintiff accessed her Equifax credit report and discovered that Navient was reporting default histories on four (4) of Plaintiff's Navient student loan accounts.

14.     Prior to June 2021, and upon information and belief, the United States Department of Education assigned or otherwise transferred Plaintiff's student loan accounts to Navient.

15.     Immediately upon discovering Navient's false and derogatory tradelines, Plaintiff filed disputes with Equifax regarding the inaccuracy of the Navient tradelines given the prohibition of derogatory payment history reporting of transferred loans as set forth in 20 U.S.C. §1078-6(c).

16.     Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Navient of the disputes at or within five (5) days of Equifax's receiving notice of the disputes from Plaintiff.

17.     Plaintiff never received the results of her disputes to Equifax.  In August 2021, however, Plaintiff again accessed her Equifax credit report and discovered that the Navient accounts were reporting as they had been reporting prior to her disputes.

18.     Despite Plaintiff's lawful request for removal or amendment of the disputed items pursuant to the FCRA, Navient and Equifax failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit report or to amend Plaintiff's credit report.

19.     Upon information and belief, Navient and Equifax did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed items within a reasonable time following their receipt of Plaintiff's disputes.

20.     Also in or around June 2021, Plaintiff accessed her Trans Union credit report and discovered a number of inaccurate tradelines.

21.     Immediately upon discovering the inaccurate tradelines, Plaintiff filed disputes with Trans Union regarding the inaccuracy of the tradelines.  Specifically, Plaintiff disputed tradelines furnished by Concord Company of Tennessee, Fastpace Kentucky, Pathology Cytology Labs, LLC, Excel Anesthesia, PSC, Owensboro Health Twin Lakes, and Grayson Emergency

Group, LLC and requested that Trans Union investigate and delete or amend the tradelines.

22.     Plaintiff, despite receipt of confirmation of delivery of her dispute to Trans Union from the USPS , never received dispute results from Trans Union. In August 2021, Plaintiff again accessed her Trans Union credit report and discovered that the foregoing tradelines were reporting as they had been reporting prior to her disputes. Trans Union utterly failed to investigate Plaintiff's disputes despite Trans Union's receipt of Plaintiff's dispute letter in June 2021.

23.     Despite Plaintiff's lawful request for removal or amendment of the disputed items pursuant to the FCRA, Trans Union failed to investigate Plaintiff's dispute and failed to remove the disputed item from Plaintiffs' credit report or to amend Plaintiff's credit report.

24.     Upon information and belief, Trans Union did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item or to amend Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's dispute.

25.     The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' reporting of the above-referenced tradelines.  In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – Navient

26.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 25 as if fully set forth herein.

27.     Navient's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax of the foregoing tradelines are violations of Navient's duties as a

furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

28.    Navient's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Navient is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

29.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 28 as if fully set forth herein.

30.    Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

31.    Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

32.    Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

33.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 32 as if fully set forth herein.

34.     Trans Union's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

35.     Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Trans Union's receipt of Plaintiff's disputes are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

36.     Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Navient**

37.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

38.     Navient's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to of the foregoing tradelines, despite Navient's knowledge of the falsity of its reporting, are willful violations of Navient's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

39.     Given Navient's knowledge of the falsity of its reporting, Navient's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Navient is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for

punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

40.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 39 as if fully set forth herein.

41.    Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Equifax's knowledge of the falsity of the disputed items, are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

42.    Equifax's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

43.    Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

44.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 43 as if fully set forth herein.

45.    Trans Union's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Trans Union's knowledge of the falsity of the disputed items, are willful violations of Trans Union's duty to ensure maximum possible

accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

46.    Trans Union's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Trans Union's receipt of Plaintiff's disputes are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

47.    Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Cheryl Brown, respectfully demands the following:

1.    Trial by jury on all issues so triable;

2.    Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.    For attorneys' fees and costs; and,

4.    Any and all other relief to which Plaintiffs may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY  40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

# VERIFICATION

I, Cheryl Brown, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_Cheryl A Brown_
Cheryl Brown

COMMONWEALTH OF KENTUCKY     )
                                                          ) SS
COUNTY OF GRAYSON                   )

Subscribed, sworn to and acknowledged before me by Cheryl Brown this 4 day of

_January_ , 202 2

_Notary signature_
Notary Public

Commission expires: _Aug 2, 2025_